**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000338
10-MAR-2014
12:42 PM**

NO. CAAP-14-0000338

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MEL D. HORNER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Honolulu Division)
(CASE NO. 1DTI-2-101663)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: FoleY, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of Plaintiff-Appellee State of Hawaii's (Appellee State) February 28, 2014 statement contesting appellate jurisdiction and the record, it appears that we do not have appellate jurisdiction over Defendant-Appellant Mel D. Horner's (Appellant Horner) appeal from the Honorable Alvin K. Nishimura's September 24, 2012 judgment for the offense of noncompliance with the speed limit in violation of Hawaii Revised Statutes (HRS) § 291C-102 (2007), because Appellant Horner's appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

An appellate court has an independent obligation to ensure jurisdiction over each case and to dismiss the appeal sua sponte if a jurisdictional defect exits. State v. Graybeard, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000). We note that noncompliance with the speed limit in violation of HRS § 291C-102

is punishable by a fine under HRS § 291C-161 (2007 & Supp. 2013), and, thus, this offense constitutes a "'[t]raffic infraction' . . . for which the prescribed penalties do not include imprisonment." HRS § 291D-2 (2007). "No traffic infraction shall be classified as a criminal offense." HRS § 291D-3(a) (2007). Under HRS Chapter 291D, a district court adjudicates a contested traffic citation without holding a standard trial, but if the district court adjudicates the citation in favor of Appellee State, then "[t]he defendant may request a trial pursuant the Hawaii rules of evidence and rules of the district court[.]" HRS § 291D-13(a) (2007). Rule 19(d) of the Hawai'i Civil Traffic Rules (HCTR) provides that "[a]ppeals from judgments entered after a trial may be taken in the manner provided for appeals from district court civil judgments." HCTR Rule 19(d). HRS § 641-1(a) (1993 & Supp. 2013) authorizes appeals from district court civil judgments:

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed
> in civil matters from all final judgments, orders, or
> decrees of circuit and district courts. In district
> court cases, a judgment includes any order from which
> an appeal lies. A final order means an order ending
> the proceeding, leaving nothing further to be
> accomplished. When a written judgment, order, or
> decree ends the litigation by fully deciding all
> rights and liabilities of all parties, leaving nothing
> further to be adjudicated, the judgment, order, or
> decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted).

The district court's September 24, 2012 judgment ended the proceeding by providing the final adjudication and fine against Appellant Horner for the offense of noncompliance with the speed limit in violation of Hawaii Revised Statutes (HRS) § 291C-102, leaving nothing further to be accomplished. Therefore, the September 24, 2012 judgment was an immediately appealable final judgment pursuant to HRS § 641-1(a).

Appellant Horner did not file his January 6, 2014 notice of appeal within thirty days after entry of the September 24, 2012 judgment, as HRAP Rule 4(a)(1) requires for a an appeal from a civil judgment. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986).

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000338 is dismissed for lack of jurisdiction. All pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, March 10, 2014.

Presiding Judge

Associate Judge

Associate Judge

3